UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 08-106-HRW

**BONNIE MAYFIELD,**                                                        **PLAINTIFF,**

v.           **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**               **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant that he was no longer eligible for supplemental security income ("SSI"). The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed an application for disability insurance benefits on July 13, 2005. This application was approved and Plaintiff was deemed disabled beginning June 17, 2006 but further found that her disability ended on December 6, 2006.

Upon Plaintiff's request, on November 16, 2006, an administrative hearing was conducted by Administrative Law Judge James Alderisio (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Katherine Bradford, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.994, the ALJ performed the following eight-step sequential analysis in order to determine whether Plaintiff's disability continued:

Step 1: Is the claimant engaging in substantial gainful activity?

Step 2: If the claimant is not performing substantial gainful activity, does he have an impairment(s) that meets or equals the severity of an impairment listed in Appendix 1 of the regulations?

Step 3: If not, has there been medical improvement in claimant's condition since the last favorable determination?

Step 4: If there has been medical improvement, is it related to the ability to work?

Step 5: If there has not been medical improvement or of the medical improvement is not related to the ability to work, do any exceptions to the medical improvement standard apply?

Step 6: If there has been medical improvement related to the ability to work, or if one of the exceptions applies, does the claimant have a severe impairment or combination of impairments?

Step 7: Can the claimant perform his/her past relevant work?

Step 8: Can the claimant do any other work?

On March 22, 2007, the ALJ issued his decision finding that Plaintiff had medically improved and was, thus, no longer disabled as of June 1, 2001(Tr. 18-29).

At Step One of the sequential analysis, the ALJ determined that although Plaintiff had not engaged substantial gainful activity since June 17, 2005, the alleged onset date (Tr. 21).

The ALJ then found, at Step Two, that Plaintiff's current impairments either alone or in combination did not meet or medically equal the criteria of any listed impairments (Tr. 22, 25).

At Step Three, the ALJ found that the Plaintiff's condition had medically improved in terms of her cardiac functioning (Tr. 28).

With regard to the relationship between the medical improvement and Plaintiff's ability to work, the ALJ determined that the change in her condition increased Plaintiff's residual functional capacity ("RFC"), thereby increasing or broadening his ability to work.

At Step Six, the ALJ found that Plaintiff suffers from certain conditions considered to be severe per the relevant regulations (Tr. 16).

The ALJ also determined that Plaintiff was unable to perform her past relevant work but determined that she retained the functional capacity to perform

3

limited range of light level work.

The ALJ finally found that these jobs exist in significant numbers in the regional and national economies, as identified by the VE (Tr. 28).

Accordingly, the ALJ concluded that Plaintiff's disability ceased on December 6, 2006 (Tr. 28).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on January 25, 2008 (Tr. 8-10).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 7] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

4

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not discuss the opinion of Dr. Shahroukh Bakhshay; (2) the ALJ improperly rejected the opinion of Dr. Robina Bokhari; (3) the ALJ did not properly assess her subjective complaints and (4) the ALJ improperly deferred to the findings of the non-examining medical experts.

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not discuss the opinion of Dr. Shahroukh Bakhshay.

Dr. Bakhshay completed a Residual Functional Capacity Questionnaire on

5

February 21, 2006, in which he suggested severe functional limitation. However, this opinion pertains to the period during which the ALJ found Plaintiff to be disabled. Thus, it is irrelevant to the issue before this Court.

Plaintiff's second claim of error is that ALJ improperly rejected the opinion of Dr. Robina Bokhari, a treating psychiatrist.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

Dr. Bokhari completed a Mental Residual Functional Capacity Questionnaire on June 6, 2006, in which she suggested extreme psychological limitation. She also assigned Plaintiff a GAF score of 50, indicating serious symptoms or limitations in functioning, in a "follow up" note dated December 4, 2006.

The first of these opinions is within the period of disability, and thus,

6

irrelevant. The second, although within the pertinent time frame, is inexplicable. The notation describes Plaintiff as "snappy" and "irritable" and records Plaintiff's subjective complaints - "can't lose weight" and "life seems bad at times" - but provides no basis for the GAF score. Given the utter lack of supporting clinical and diagnostic data, the Court finds no error in the ALJ's rejection of this opinion.

Plaintiff also contends that the ALJ did not properly assess her subjective complaints, specifically her complaints of problems in her left hand

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's testimony pertaining to her symptoms to be "not altogether credible" (Tr. 28). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. As the ALJ pointed out, the only medically determinable limitation in Plaintiff's left hand is some diminished grip strength (Tr. 476) which, contrary to Plaintiff's suggestion, would not support a finding of disability.

7

Finally, Plaintiff argues that the ALJ improperly deferred to the findings of the non-examining medical experts. The Court finds this argument somewhat perplexing as the ALJ's determination of Plaintiff's functional capacity is more limited that that suggested by the state agency physicians. For example, Dr. Law Perritt concluded that Plaintiff had no severe psychological impairments (Tr. 240) whereas the ALJ credited Plaintiff with limited ability in dealing with stress, maintaining attention and concentration and reliability (Tr. 25).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This  5  day of January, 2009.

_____
Henry R. Wilhoit, Jr., Senior Judge